**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>Plaintiff,<br>vs.<br><br>HB Digital, LLC, a California limited liability company,<br><br>Defendant. | No. CV-20-02261-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff BBK Tobacco & Foods, LLP's Motion for Entry of Stipulated Judgment. (Doc. 12)

Thus, appearing that Defendant HB Digital, LLC has stipulated to entry of judgment, and that entry of the stipulated judgment will fully resolve this matter, leaving nothing more for the Court,

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this case and all parties thereto, and venue in the District of Arizona is proper in connection with this matter only. Defendant does not admit venue in the District of Arizona is otherwise proper or waive any right to dispute venue in any other matter.

2. Defendant and all those in active concert therewith, are permanently enjoined from any and all use of the DR. RAW name, or any name containing the word

"RAW" (capitalized or un-capitalized) in connection with the sale or advertisement of any product or service, except as specifically permitted herein.

3. Defendant will be permitted a limited period of **fourteen (14) months** following entry of judgment to dispose of its existing inventory and units in production or planned production of products that use the DR. RAW name ("Inventory") without liability to Plaintiff for trademark infringement or other claims alleged in the complaint. During the fourteen (14) month period following entry of judgment (the "Depletion Period"), Defendant may continue to sell any Inventory to persons or entities unaffiliated with Defendant and its owners and managers, it being understood that retail customers of Defendant might themselves continue to resell such products after that date and such third parties may do so without liability to Plaintiff for trademark infringement or other claims alleged in the complaint and are not considered "in active concert" with HB Digital, LLC.

   a. Within **five (5) days** of the entry of this judgment, Defendant shall provide to Plaintiff, a general estimate of the Inventory;

   b. Defendant shall provide notice to Plaintiff within **thirty (30) days** of the end of the Depletion Period, that certifies, under oath, to Defendants the relabeling or destruction of any Inventory remaining at the end of the Depletion Period;

4. Defendant will be permitted a limited period of **fourteen (14) months** after entry of judgment (the "Transition Period") to adopt and transition to a new trademark or brand, not containing the term RAW (the "New Mark") and to change all of

its social media account names or handles and domain names to eliminate the use of DR. RAW or any name using the word RAW.

   a. During the Depletion Period, Defendant may use the DR. RAW name on product packaging, point of sale materials, and in advertisements consistent with past practice prior to the Effective Date;

   b. After the Depletion Period, however, Defendant's use of the DR. RAW name during the remainder of the Transition Period will be restricted to use as part of marketing a transition to the New Mark; among other things, after the Depletion Period, Defendant may not ship any product using the DR. RAW name and all labels and packaging for products shipped after the Depletion Date must use the New Mark.

   c. Defendant will not be required to modify any posts or comments existing on its social media accounts at the end of the Transition Period.

   d. After the Transition Period and for a period ending thirty six (36) months after entry of judgment (the "Transfer Date"), Defendant may continue to use the drraworganics.com domain name only for the purpose of redirecting traffic to a website using Defendant's new domain name.

   e. Within 10 business days of the Transfer Date, Defendant shall transfer the drraworganics.com domain name registration to Plaintiff.

5. Defendant is not required to change or seek to modify any past usage of the DR. RAW name in any public domain materials, such as prior press releases, news articles, videos, or any mentions of DR. RAW by third parties, nor in any internal company materials used by Defendant in operations or administration.

6. The Court will retain jurisdiction to address any alleged violations of this judgment, but before seeking the Court's intervention, the party claiming a violation must provide notice to the other party and a thirty (30) day opportunity to cure, or if cure is not possible in that time, the opportunity to cure if a good faith effort to cure is made in thirty (30) days.

7. The parties shall each bear their own attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the case is **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 7th day of April, 2021.

_____
Honorable Steven P. Logan
United States District Judge